IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE, AT KNOXVILLE

JUDY WILLIAMS,
    Plaintiff,

vs.                                                       No.: 3:06 cv 400
                                                               PHILLIPS/GUYTON

REDFLEX TRAFFIC SYSTEMS INC.,
CITY OF KNOXVILLE, TENNESSEE,
BILL HASLAM as MAYOR OF THE              JURY DEMAND
CITY OF KNOXVILLE, TENNESSEE,
KNOXVILLE CITY COUNCIL,
REDFLEX TRAFFIC SYSTEMS INC., d/b/a
WWW.PHOTONOTICE.COM,
MICHAEL L. SULLIVAN, GORDON CATLETT,
JOSEPH BERNARD, and UNKNOWN,
    Defendants.

---

**MEMORANDUM IN SUPPORT OF**
**MOTION TO RESTRICT PARTY EXTRAJUDICIAL COMMENTS**

---

COMES now Plaintiff Judy Williams, by and through counsel, and submits this memorandum in support of her motion for a Special Order preventing the above Defendants and the agents, employees, contractors, officials, and representatives of the Defendants, and their affiliates, agencies, and subdivisions, from making any public extrajudicial comments, whether written or spoken, in the form of press releases, interviews, speeches, statements, internet website entries and postings, and anything else, concerning any aspect of the matters contained within the Amended Complaint, in order that the jury pool in this matter will not be tainted, biased, or otherwise influenced by the same.

## FACTS

Plaintiff filed the complaint in this civil action on October 16, 2006. Well after the complaint was filed, the Defendants have made certain statements for mass media publication, therein reciting self serving facts favorable to the program but which are not based on empirically, scientifically, or statistically valid facts. **Exhibit A.** The Defendants also are participating in public appearance events to discuss and recite facts favorable to, and to tout, the program, but not based upon empirically, scientifically, or statistically valid facts. **Exhibit B.** The Knoxville Red Light Photo Enforcement Program already is widely publicized. See, e.g., **Exhibit G** attached to the Plaintiff's Amended Complaint, and **Exhibit A**, hereto.

## ARGUMENT

**The Court Has Inherent Authority to Grant Plaintiff's Motion**

Courts have inherent authority to enforce or suspend rules. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (citing the Supreme Court in *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991), which stated that a court's inherent authority derives from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings.

Here, the Plaintiff, in accord with E.D.TN. LR 83.2(c) and this Court's inherent authority, is seeking the aforesaid Special Order. The cited local rule provides for entry of Special Orders, recognizing the potential for "such matters as extrajudicial statements by parties and witnesses likely to interfere with the rights of the parties."

Courts must recognize that advances in communication technology, along with extrajudicial statements, have a potential of tainting any trial on the merits and that the Court has the power necessary to control the conduct of the parties to ensure fair trials. *Nebraska Press Association, et.*

*al. v. Stuart*, 427 U.S. 539, 96 S.Ct. 2791 (1976). A fair trial is not just dependent upon avoidance of sensational statements, it is dependent upon an unbiased jury.

In this matter, the Defendants, directly or indirectly, have released information designed to be favorable to their position, in an untarnished effort to create a biased jury pool. See Exhibit A and Exhibit B. No compelling governmental interest exists for making such statements as the public is well aware of the program.

## CONCLUSION

Plaintiff is seeking a Special Order in this matter as the subject of this lawsuit has great potential to become widely publicized and the ongoing Defendant conduct will have an adverse effect on the jury pool. For all the foregoing reasons, the Court should grant Plaintiff's motion.

Respectfully submitted, January 8, 2007

s/ David B. Hamilton

_____
DAVID B. HAMILTON (020783)
Attorney for Plaintiff
1810 Merchant Drive
Knoxville, TN 37912
865.219.9250


s/ William P. Price, III

_____
WILLIAM P. PRICE, III (021247)
Attorney for Plaintiff
1810 Merchant Drive, Ste. 3
Knoxville, TN 37912
865.640.5995

## CERTIFICATE OF SERVICE

I certify that on January 8, 2007, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via US Mail, First Class, Prepaid. Parties may access this filing through the Court's electronic filing system.

s/ David B. Hamilton

_____
DAVID B. HAMILTON (020783)
Attorney for Plaintiff
1810 Merchant Drive
Knoxville, TN 37912
865.219.9250