IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JUDY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-400 |
| | ) | (Phillips/Guyton) |
| REDFLEX TRAFFIC SYSTEMS, INC., | ) | |
| CITY OF KNOXVILLE, TENNESSEE, | ) | |
| BILL HASLAM as MAYOR OF THE | ) | |
| CITY OF KNOXVILLE, TENNESSEE, | ) | |
| KNOXVILLE CITY COUNCIL, | ) | |
| REDFLEX TRAFFIC SYSTEMS, INC., d/b/a | ) | |
| WWW.PHOTONOTICE.COM, | ) | |
| MICHAEL L. SULLIVAN, and UNKNOWN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Orders [Docs. 30, 41, 47] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the following motions: Plaintiff's Motion to Restrict Party Extrajudicial Comments [Doc. 24], Plaintiff's Motion to Require Corporation Defendants to Comply with the Local Rules [Doc. 39], and Defendant Redflex's Motion to Strike Plaintiff's Supplement to Memorandum in Support of Motion to Restrict Party Extrajudicial Comments [Doc. 42].

These motions were heard by this Court on March 9, 2007. Attorneys David Hamilton and William Price, III, were present, representing the plaintiff. Attorneys Michael Kelley and Edward Meade were present, representing Defendant Redflex Traffic Systems, Inc., ("Redflex") and Joseph Bernard. Attorney Ronald Mills was present representing Defendants the City of

1

Knoxville, Bill Haslam, Michael Sullivan, and Gordon Catlett, Sr. Charles Swanson was present representing Defendant Knoxville City Council.

This case regards the utilization of cameras and photography to enforce traffic violations for running red lights. Plaintiff makes numerous claims,[1] but the primary federal question is premised on an alleged Section 1983 violation. [See Doc. 26].

## I. Plaintiff's Motion to Restrict Party Extrajudicial Comments

In Plaintiff's Motion to Restrict Party Extrajudicial Comments [Doc. 24], Plaintiff moves the Court to restrict Defendants from all extrajudicial comments regarding the case. Plaintiff claims such comments may taint the jury pool. Plaintiff cites to Local Rule 83.2 as the legal basis for the motion.

Defendants filed a joint response [Doc. 33], arguing that Plaintiff's motion must be denied because the relief requested would present a constitutionally invalid and unjustifiable prior restraint on the free speech rights of Defendants. Defendants assert that the broad scope of the desired prohibition would deprive Defendants from even mentioning the subject red light program in any forum whatsoever. Further, Defendants state that the constitutional validity of a prior restraint is determined under a strict scrutiny analysis. Accordingly, a plaintiff must present evidence of a clear and present danger of a specific, serious or imminent threat for a prior restraint to be imposed. Defendants argue Plaintiff has failed to produce evidence which would allow a constitutionally valid prior restraint to be imposed.

Plaintiff filed a Supplement to Memorandum in Support of Motion to Restrict Party Extrajudicial Comments [Doc. 38]. Plaintiff's original motion [Doc. 24] was filed on January 8,

---

[1]The Amended Complaint [Doc. 26] is 98 pages.

2

2007. In the supplement [Doc. 38], filed on February 15, 2007, Plaintiff asserts that on January 28, 2007, City Judge John R. Rosson, Jr., participated in a two hour radio broadcast regarding the automated enforcement of traffic violations. [Doc. 38-2].

At the hearing, the parties agreed that the case of Karhani v. Meijer, 270 F. Supp. 2d 926 (E.D. Mich. 2003), was applicable, instructive, and precedential. In Karhani, an employee of a local gas station allegedly intimidated and discriminated against the plaintiffs based on their ethnicity. Id., at 928-29. In response, the plaintiffs brought suit and distributed leaflets about the alleged altercation. Id. The leaflets stated the alleged language involved in the incident, "You Arabs get out of here, we don't want to serve you guys. . . .". Id., at 929 (ellipsis in original). The gas station sought to enjoin the distribution of these leaflets, arguing that the leaflets interfered with its ability to obtain a fair trial. Id.

In evaluating whether an injunction should issue, the Eastern District of Michigan noted that "'any prior restraint on expression comes . . . with a 'heavy presumption' against its constitutional validity.'" Id., at 931-32 (citing Org. for a Better Austin v. Keefe, 402 U.S. 415, 419 (1971)) (ellipsis in original). Moreover, the court held that a prior restraint is the "'most serious and the least tolerable infringement on First Amendment rights.'" Id., at 932 (citing Metro. Opera Ass'n v. Local 100, Hotel Employees & Rest. Employees Int'l Union, 239 F.3d 172, 176 (2nd Cir. 2001)). For a party to prevail on a request for a prior restraint, the movant must demonstrate that the speech to be prohibited poses a grave threat to a "critical government interest" or a constitutional right. Id., at 933 (citing County Sec. Agency v. Ohio Dept. of Comm., 296 F.3d 477, 485 (6th Cir. 2002)). The articulated standard for such a demonstration is that of "clear and present danger." Id. (citing U.S. v. Ford, 830 F.2d 596, 600 (6th Cir. 1987)). By following the above standard, the Karhani court

3

determined that the plaintiffs' leafleting did not pose a serious and imminent threat. Id. The court noted that the litigation was in its infancy, and the sporadic nature of media coverage did not appear to pose a risk to the jury pool. Id. at 933-34. Even if a risk of tainting the jury pool arose, the court noted that vigorous voir dire could alleviate such risk. Id. at 934.

Evaluating the present case in light of Karhani, the Court finds that the only speech presented as evidence of that which is sought to be prohibited is substantially less prejudicial than that found in Karhani. The evidence presented includes:

> (1) A February 22, 2006 news article written by Hayes Hickman, a local reporter, regarding the nine sites chosen for cameras. Defendant Catlett was interviewed regarding the need for and location of the new safety program [26-8];
>
> (2) A November 28, 2006 web page written by Sonu Wasu, a local reporter, regarding the implications of the red light camera program. Defendant Catlett was quoted as saying "Our red light running problem was even worse than I initially thought." [25-2];
>
> (3) A flyer for a Neighborhood Watch meeting on January 9, 2007, where Defendant Catlett was scheduled to present information on the red light camera program and answer questions [25-3]; and
>
> (4) Attorney Hamilton's affidavit that City Judge Rosson participate in a two-hour radio program on January 28, 2007 during which he discussed, in part, the red light camera program [38-2].

The newspaper article and the web page do not rise to the level required for a prior restraint. As to Defendant Catlett's presentation to neighborhood groups, Plaintiff's counsel informed the Court that he has incomplete knowledge of the content of Catlett's communications at those meetings, although he did concede that Catlett did not discuss the present lawsuit. As to City Judge Rosson's comments, the judge is neither an employee nor an agent of any of the defendants. Defendants include members of the local executive and legislative branches of government. City Judge Rosson

4

is a member of the judicial branch.  Additionally, Attorney Hamilton stated at the hearing that he doubted City Judge Rosson even had any knowledge of the litigation.  Based on such sparse evidence, this Court cannot order a prior restraint on speech.  The Court finds a legitimate need and obligation exists for publicly elected officials and law enforcement officers to inform, educate, and assist the public in understanding and complying with a new public safety program.

Plaintiff's counsel conceded at the hearing that he had no evidence of a defendant making public statements about the merits of the present lawsuit.  He also stated that he had no evidence that the defendants' public comments regarding the Redlex system have been designed to influence jurors in this case.  Plaintiff's naked allegation that any comments by Defendants are designed to taint the jury pool does not rise to the required standard.

Furthermore, Local Rule 83.2 generally governs statements by attorneys, not parties or witnesses.  Plaintiff has made no showing that Defendants' attorneys have participated in any extrajudicial statements.  The sole provision applicable to parties or witnesses is Local Rule 83.2(c) which provides:

> Provisions for Special Orders in Widely Publicized or Sensational Civil and Criminal Cases. In a <u>widely publicized or sensational</u> civil or criminal case, the court, on motion of either party or its own motion, <u>may issue</u> a special order governing such matters as extrajudicial statements by parties and witnesses likely to interfere with the rights of the parties or the rights of the accused to a fair trial by an impartial jury; the seating and conduct in the courtroom of spectators and news media representatives; the management and sequestration of jurors and witnesses; and any other matters which the court may deem appropriate for inclusion in such an order.

(Emphasis added).  Plaintiff has neither demonstrated that this lawsuit is widely publicized nor sensational.  The evidence noted above merely demonstrates public interest in the cameras and their

5

enforcement, valid attempts by local law enforcement to apprise the community of the cameras' presence and the implications of running a red light, and a city judge generally commenting on a city ordinance during a radio broadcast. The camera enforcement program is of local public interest. Plaintiff has cited to no law which allows this Court to infringe upon First Amendment rights based upon the evidence presented. Accordingly, Plaintiff's Motion [Doc. 24] is **DENIED**.

**II.     Plaintiff's Motion to Require Corporation Defendants to Comply with the Local Rules**

Plaintiff moved [Doc. 39] the Court to enter an order requiring the non-governmental corporate defendants in this matter to file the mandatory certificate of interest. At the hearing, Defendant Redflex, the only corporation joined as a defendant in this action, stated no objection to Plaintiff's Motion. Accordingly, Plaintiff's Motion to Require Corporation Defendants to Comply with the Local Rules [Doc. 39] is **GRANTED**.[2]

**III.    Defendant Redflex's Motion to Strike Plaintiff's Supplement to Memorandum in Support of Motion to Restrict Party Extrajudicial Comments**

Defendant Redflex moved [Doc. 42] to strike Plaintiff's Supplement [Doc. 38] to Memorandum in Support of Plaintiff's Motion to Restrict Party Extrajudicial Comments. Defendants argue that the document is barred by Local Rules 7.1(a) and (d) which require a plaintiff to request leave of court to file motions outside those specifically allowed by the rules. In the Court's discretion, Defendant Redflex's Motion to Strike [Doc. 42] is **DENIED**. The Court has considered Plaintiff's Supplement [Doc. 38] when ruling upon Plaintiff's Motion to Restrict Party

---

[2]Defendant Redflex filed its Certificate of Corporate Interest on the same day as the hearing on this motion. [Doc. 54].

Extrajudicial Comments [Doc. 24].

**IV.     Conclusion**

For the reasons stated above, Plaintiff's Motion to Restrict Party Extrajudicial Comments **[Doc. 24]** is **DENIED**, Plaintiff's Motion to Require Corporation Defendants to Comply with the Local Rules **[Doc. 39]** is **GRANTED**, and Defendant Redflex's Motion to Strike Plaintiff's Supplement to Memorandum in Support of Motion to Restrict Party Extrajudicial Comments **[Doc. 42]** is **DENIED.**

**IT IS SO ORDERED.**

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge